**JOYA LAW FIRM**
**KAMRAN JOYA, ESQ., NY BAR ID: 6169411**
**175 Greenwich Street, 38th Floor**
**New York, New York 10007**
**415-302-9437**
**kamran@joya.law**
**Attorneys for Plaintiff, Tiana Brown**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **TIANA BROWN,**<br><br>**PLAINTIFF,**<br><br>**v.**<br><br>**YOUNG ADULT INSTITUTE (YAI),**<br><br>**DEFENDANT.** | **CASE NO. 26-cv-1539 (JPC)** |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR A PRE-MOTION CONFERENCE REGARDING TRANSFER**

Plaintiff Tiana Brown, through her counsel, respectfully submits this response to Defendant Young Adult Institute's request for a pre-motion conference regarding its proposed motion to transfer this case to the Northern District of New York pursuant to 28 U.S.C. § 1404(a).

For the reasons set forth below, the request should be denied. Plaintiff has already moved for remand to state court, and even if the Court retains jurisdiction, transfer to the Northern District is not warranted.

**I.   THIS ACTION SHOULD BE REMANDED TO NEW YORK STATE SUPREME COURT**

As set forth in Plaintiff's Motion to Remand, the gravamen of this action arises under New York statutory and constitutional law, including the New York State Human Rights Law and the New York Civil Rights Law.

Although the Complaint references the Family and Medical Leave Act, those federal claims constitute only a small portion of the case, which primarily concerns violations of New York anti-discrimination law.

Although federal claims are referenced in the Complaint, the gravamen of this action concerns violations of New York employment law.  State courts possess concurrent jurisdiction over FMLA claims, and the predominance of state-law issues weighs in favor of remand.

Because the central issues in this action involve New York employment discrimination law, and because the case was originally filed in the Supreme Court of the State of New York, remand remains the most appropriate course.

## II.  EVEN IF FEDERAL JURISDICTION EXISTS, THE CASE SHOULD REMAIN IN THE SOUTHERN DISTRICT

Even assuming federal jurisdiction exists, the case was properly removed to the Southern District of New York because the action was originally filed in New York County Supreme Court.

Under 28 U.S.C. § 1441(a), removal must occur to the federal district embracing the place where the action was pending.  Accordingly, the Southern District of New York is not merely a permissible venue but the statutorily designated federal forum for this action.

Defendant's request to transfer the case to the Northern District attempts to override the forum chosen by Plaintiff and the district designated by federal removal law.

A plaintiff's choice of forum is ordinarily entitled to substantial deference, particularly where the chosen forum bears a meaningful connection to the dispute.

## III. DEFENDANT HAS NOT MET THE HEAVY BURDEN REQUIRED TO TRANSFER VENUE

Transfer under 28 U.S.C. § 1404(a) is appropriate only when the moving party demonstrates that the balance of factors strongly favors transfer.

Defendant has not met that burden.

Courts evaluating a motion to transfer consider several factors, including:

- Plaintiff's choice of forum
- Convenience of witnesses
- Convenience of the parties
- Locus of operative facts
- Availability of process for unwilling witnesses
- Location of documents
- Relative means of the parties
- Trial efficiency and the interest of justice

Although Defendant emphasizes that certain events occurred in Onondaga County, the location of operative facts is only one factor among many considered under § 1404(a).

Courts in this District have repeatedly held that the locus of operative facts alone does not compel transfer where other factors favor the plaintiff's chosen forum.  See *Glotser v. Boardwalk Regency LLC,* No. 20-cv-2654 (JPC), 2023 WL 2162063, at *3 (S.D.N.Y. Feb. 22, 2023).  Here, Defendant has not demonstrated that the balance of factors strongly favors transfer, particularly in light of Plaintiff's choice of forum and the case's procedural posture.

### IV. PLAINTIFF'S CHOICE OF FORUM IS ENTITLED TO SIGNIFICANT DEFERENCE

Plaintiff selected New York County Supreme Court as the forum for this action.

Courts in this Circuit give substantial deference to a plaintiff's chosen forum. *Iragorri v. United Techs. Corp.,* 274 F.3d 65, 71-72 (2d Cir. 2001). Transfer is appropriate only where the balance of factors strongly favors the defendant.  Defendant has not met that heavy burden.  Plaintiff deliberately chose to file this action in New York County Supreme Court, and the case was properly removed to the Southern District of New York pursuant to 28 U.S.C. § 1441.  Because Plaintiff's choice of forum is entitled to significant weight, Defendant must demonstrate that the convenience factors overwhelmingly favor transfer.  Defendant has not made such a showing.

Defendant has not identified any compelling reason why the case cannot proceed in the Southern District.

### V. MODERN LITIGATION MINIMIZES ANY INCONVENIENCE CLAIMED BY DEFENDANT

Defendant asserts that documents and witnesses are located in East Syracuse.

However, courts repeatedly recognize that:

- Documents are now electronically stored
- Depositions may be conducted remotely
- Witness travel is common in federal litigation

Consequently, the location of documents rarely justifies transfer.

**Defendant Has Failed to Identify Specific Witnesses**

Defendant's request to transfer venue rests largely on a generalized assertion that witnesses are located in the Northern District.  However, courts consistently require the party seeking transfer to identify the specific witnesses who would be inconvenienced and to provide a description of the materiality of their testimony.  See *Hernandez v. Graebel Van Lines,* 761 F. Supp. 983, 988 (E.D.N.Y. 1991).  Vague or conclusory statements regarding witness convenience are insufficient to justify transfer.  See *Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir. 1978).

Here, Defendant merely references several individuals who worked in East Syracuse but does not identify which witnesses will testify, what their testimony will concern, or why their presence in the Southern District would be burdensome.  Without such information, the Court cannot meaningfully evaluate the convenience of witnesses, and Defendant therefore fails to meet its burden under 28 U.S.C. §1404(a).

Moreover, many of the individuals identified by Defendant are employees of Defendant itself.  The convenience of party witnesses is entitled to significantly less weight in the transfer analysis.

## VI. THE SOUTHERN DISTRICT IS A CENTRAL AND PRACTICAL FORUM

The Southern District of New York is one of the most accessible federal districts in the country.

Travel between Syracuse and New York City is routinely accomplished by:

- Amtrak rail service
- Regional air service
- Interstate highways

Transfer under 28 U.S.C. § 1404(a) should not merely shift the inconvenience of litigation from one party to another.  *Van Dusen v. Barrack,* 376 U.S. 612, 646 (1964).  Here, Defendant's request would do precisely that.  Plaintiff selected the Southern District after filing her case in New York County Supreme Court, and Defendant removed the action to this District.  Defendant now seeks to relocate the litigation to a forum more convenient for itself.  Such a transfer would only shift inconvenience from Defendant to Plaintiff and therefore does not justify transfer.

Moreover, Defendant is represented by counsel with offices in the New York metropolitan area, and the case was already filed and removed into this district.

## VII.    TRANSFER WOULD ONLY DELAY THE PROCEEDINGS

Before addressing Defendant's request for transfer, the Court must first determine whether federal jurisdiction exists.  Plaintiff has already moved for remand pursuant to 28 U.S.C. §1447(c).  Because remand would return this matter to state court, any motion to transfer venue would become moot.  Accordingly, judicial economy strongly favors resolving the remand motion before entertaining any request to transfer venue.

Furthermore, transferring the case at this early stage would:

- Delay adjudication
- Require a new court to familiarize itself with the case
- Increase litigation costs

The interest of judicial economy favors allowing the court already presiding over the matter to resolve the pending motions.

## VIII.    DEFENDANT'S REQUEST FOR A PRE-MOTION CONFERENCE SHOULD BE DENIED.

Defendant requests a pre-motion conference prior to filing a motion to transfer.

However, because Plaintiff has already moved for remand, the threshold issue before the Court is whether federal jurisdiction exists at all.

Venue transfer should not be considered until the Court first determines whether the case belongs in federal court.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:
1. Grant Plaintiff's Motion to Remand and return this action to the Supreme Court of the State of New York;
2. In the alternative, deny Defendant's request to transfer this matter to the Northern District of New York; and
3. Permit the case to proceed in the Southern District of New York.

DATED:        March 5, 2026
              New York, New York

**JOYA LAW FIRM**
*Attorneys for Plaintiff*

By:    _____
       **KAMRAN JOYA, ESQ.**

The Court will consider Plaintiff's motion to remand before considering Defendant's pre-motion conference request for leave to transfer venue.  The parties shall brief the motion to remand as directed in this Court's March 5, 2026 Order.  *See* Dkt. 11.

SO ORDERED.
Date: March 6, 2026
New York, New York

JOHN P. CRONAN
United States District Judge

cc:    Via E-mail and ECF
       Daniel R. Axelrod, Esq., Jackson Lewis, P.C.
       58 South Service Road, Suite 250, Melville, New York 11747
       Daniel.axelrod@jacksonlewis.com
       *Attorneys for Defendant*